In the District Court of Garfield County State of Oklahoma

FILED
GARFIELD COUNTY, OKLA
AUG 03 2022
JANELLE M. SHARP
COURT CLERK
BY________
DEPUTY COURT CLERK

Jeremiah Jamieson #573217

VS.

no. Cf-2007-227

State of Oklahoma

APPLICATION for FOST-CONVICTION RELIEF

Jeremiah Jamieson 573217, whose present address in M.A.C.C. po box 220 String town, O.K. 74569, hereby apply for relief under the Post-Conviction Procedure Act, section 1080 et se, of title 22.

The sentence from which I seek relief is as follows:

Court: Garfield County Case Cf-2007-227

Term: Life with Parole

Sentence Date: 3 April, 2008 Currently at M.A.C.C.

Charge: Murder One 21o.s. 701.7(a)) Guilty after tricked into Blind Plea

Judge Dennis H. Hladik

Trial counsel Greg Camp appointed by court and Appealed Plea of guilt conviction to the Oklahoma Court of Criminal Appeals; Western District and Tenth Circuit Court of Appeals without an attorney and sought no further relief

Exhibit C

① Greg Camp's Response to what happened "I can't tell a jury that!" & "That's murder one!" (2007 conversation in jury Box paragraph 4)

1 I believe I have several propositions of relief from the sentence described in part A. All propositions stem from one event, and if legally trained and never ignorant of what trial Counsel Greg Camp refused in pursuit of his own agenda, I never would have plead guilty.

my one proposition. (It was supposed to be above this definition as a Bullet Point. my apologies)

2 Actual and Factual Innocence to Murder One 21o.s.701.7a. Murder in the First Degree 21o.s.701.7a requires "that a person unlawfully and with malice aforethought cause the death of another human being. Malice being that deliberate intention to unlawfully take away the life of a human being, which is manifested by external circumstances capable of proof." HOWEVER; the facts of my case declare me Innocent of that "Deliberate Intention" which the Distinct Attorney thought was manifested by external circumstances capable of proof.

3 My defense counsel attorney Greg Camp denied me my Due Process Right endowed to me by my Creator to prepare a defense to the charge of Murder in the First Degree 21o.s.701.7a. The 6th Amendment here imposes on counsel in all cases "a duty to make a reasonable investigation or to make a reasonable decision that makes a particular investigation unnecessary," and "and in a capital case, the attorney's duty to investigate all possible Lines of Defense is strictly observed, "and the failure to investigate the existence of any such evidence, if there exists any "triggers a fundamental component of the 6th Amendment, what is essential to provision of effective assistance of counsel." And atty. Camp became Ineffective when he did not respond as "Reasonably Competent" counsel and immediately cut off the fruit of this investigation. Stouffer (vs) Reynolds 168 F.3d 1155 (10 cir.)

4 Now what I present the court today are facts ignored (in 2007 by Atty. Greg Camp) and never developed by "Reasonably Competent" trial counsel, and for this reason there exists new evidence that is materially relevant to the principal Issue involved in my case, and this new evidence is of such a nature that, in a new trial, it would probly produce an acquittal to murder in the first degree 2lo.s.701.7a as charged. At a minimum just from quick look at the evidence your honor any "reasonably competent" attorney Investigating, which Camp refused to do in my case and why I tried to fire him a few weeks before my trial date, could tell I at least had a defense for trial in self defense. In addition to this if any reasonably competent attorney were to pursue a plea/defense according to the evidence they could have easily came to the thought, ! the defendant, had already confessed and needed to avoid Murder one(a) as charged. However; Camp pursued neither and became reasonably incompetent when he responded. "That's murder one! I can't tell a jury that." When I told him. "I was trying to buy some weed." (This was in the jury box at my first arraignment after attorney Brian Lovell stepped down. We were alone to the extent we were the only one's in the Jury box when Camp asked, "What happened")?

(my New Atty. Conversation w/my Atty. on the 1st time in 2007.)

5 Strickland vs. Washington requires a "prevailing professional norm" and every defendant is entitled this "norm" from their defense counsel prior to any decision being made according to the evidence, just as a jury would decide and need it all developed, and I pray this court can see from my own research my trial counsel Camp did not reach that "prevailing proffessional norm" and that kept me from making an intelligent decision on my case. (To which you could ask his honor, my former defense attorney Brian Lovell, "I wanted trial, then" and I certainly do today.)

(Result of ↑)

6

Exhibit C



When Camp expressed that he, "couldn't tell a jury that!" he immediately cut off an investigation that could produce fruit! From that point I shut up and shook head to whatever Camp said, and "would ask every time I seen him if he talked to Antoine?" His response was always, "I have not, but you should really consider a plea. You already said," I did it.", and I know a Garfield County case that takes precedence in your case, Winderweedle. An Air Force man who killed an insurance salesman. He got 15 in and 15 out. You're Army and killed a high ranking Blood gang member. 'What is equal justice?'" Because of this Garfield County Air force man, my confession and the first conversation I had with Camp about "What happened and I was trying to buy some weed." I could not get my attorney to investigate pre-trial, and Camp led me to believe I was guilty of murder one(a) as charged. This was a serious conflict! I sent a letter to the Oklahoma Bar association at the end of 07 and got one back after I was sentenced and I tried to fire Camp for this reason, "I was scared of an attorney who flat out refused to listen to me about trial and investigate." Judge Hyladik gave me a hearing concerning my request to fire him, right before the hearing Camp pulls me into a room to talk to me. In that room I tell him why! "I want to go to trial and you want Investigate." Camp's response was, "You don't have to do this to me. You can tell the court you can afford one, do you have even a little money?" It just so happened I was expecting a small insurance check, and Camp tricked me into telling the court this. Resulting in Judge Hyladik refusing to release Camp. My trial was close and the court stuck with an attorney who was refusing to investigate because of 7 words I first told him. This and this alone resulted in my being afraid to go to trial, and a few weeks later, Camp used my sister to emotionally coerce me into a plea of guilt based on a lie about a Garfield County Precedence. (I was not scared of the evidence. Just ignorant and my trial attorney Camp refused to investigate and help me prepare a my defense.)

[Handwritten margin notes: "6"; "This conversation was in 2007"; "Of Oklahoma's multiple First-Degree murder charges"]

My defense counsel's function, "so under minded the proper function of my pre-trial function I personally was tricked for 12 years that I was guilty of capital murder! That was until I began to research the new commutation process in June 2019. When I finished I sent it to atty: Debra Hampton. My Dad spoke to her on phone and it would cost $3,000 for the Investigation and $7,000 to file on any reversible error if found. However; covid 19 hit and the world was on Lockdown and my Dad ended up falling and breaking his ankle in 5 different places and needed the $3,000 to stay up to date on finances; but If there is anything I have learned in these 15 years it is that Justice is more than a monetary value. It's objective knowledge you can prove, and several weeks after my Dad broke his ankle, the initial Lockdown from the 19 I began to go to the library for more research. During this research, while the world was Lockdown, but not me in prison I learned that Oklahoma has multiple characterizations of Murder One and statutorily I could have been charged as Camp said. Butt I was not charged properly and learned from a legal dictionary "First when a homicide occurs there are 4 different categories of what potentially happened, and "when resisting any attempt to murder or to commit any felony upon him" he is justified.(It doesn't qualify to say if I was buying weed I can not protect my self.)

[Handwritten margin notes: "7"; "Spring of 2020 The World was locked down b/c of covid-19"]

Now I would ask the court to read Antoine Colbert's statement and give me an evidentiary hearing on this material principal issue of 'deliberate Intention, ?mens Rea? of the murder one 21o.s. 701.7a as I am charged with and see this Evidence is of such a nature in a new trial, it would probably produce an acquittal to murder in the first degree 21o.s. 701.7a, and this fruit was immediately cut off by Camp, were Camp to have listened to me; is of a nature to prove Camp, my trial counsel was not functioning as the "reasonably competent" counsel guaranteed by the 6th Amendment, and this deficient performance prejudiced me from proving my Innocence to murder one(a) as charged 15 years ago.

[Handwritten margin notes: "8"; "Leading me to Believe I was guilty to Murder 1(A) When Camp was talking about murder 1(B) w/o me knowing about Murder 1(B)"]

Exhibit C

In addition I hereby apply to have counsel appointed to represent me. I believe I am entitled to relief. I do not possess any money or property, and note that I am incarcerated in the custody of the State of Oklahoma. I apply for counsel for all purposes to include representation at such an evidentiary hearing on this criminal and principal issue to material evidence of "deliberate intention" of murder one 701.7(a) as tricked into plea by trial counsel attorney Greg Camp, and with counsel I can further develop facts asserted herein and any other facts necessary to obtain relief. Again, I request counsel to represent me on this criminal issue.

I understand that I have an absolute right to appeal to the Court of Criminal Appeals from the trial court's order entered in this case, but unless I do so within thirty (30) days after the entry of the trial judge's order, I will have waived my right to appeal as provided by Section 1087 of Title 22.

PART D

I have read the foregoing application and assignment(s) of error and hereby state under oath that there are no other grounds upon which I wish to attack the judgment and sentence under which I am presently convicted. I realize that I cannot later raise or assert any reason or ground known to me at this time or which could have been discovered by me by the exercise of reasonable diligence. I further realize that I am not entitled to file a second or subsequent application for post-conviction relief based upon facts within my knowledge or which I could discover with reasonable diligence at this time.

PART E (As Applicable)

I hereby apply to have counsel appointed to represent me. I believe I am entitled to relief. I do not possess any money or property except the following: (If none, state "None").

None

29 July 2022

Date Signature

STATE OF OKLAHOMA )
COUNTY OF ________ )

________ being first sworn under oath, states that he/she signed the above application and that the statements therein are true to the best of his/her knowledge and belief.

Signature

ROBERT CHAMBERLAIN NOTARY # 22007640 EXP. 06/03/26 PUBLIC STATE OF OKLAHOMA

Subscribed and sworn to before me this 27 day of July ~~19~~ 2022.

NOTARY PUBLIC

My Commission Expires: 2026