Concerning the fact of my claim in 2007, AND but for my trial counsel's statement that I was guilty I never would have been here and testified my self -

Murder One 21 O.S. §701.7(B)

I tell you these things because had I known then what I have learned recently, I never would have filed a post-conviction based on Greg Camp's tricking me and lying. About Plea guilt More to the point all these things point in the direction, "I am a fighter!" and would not have laid down these years previous. I tell you these things because my case is unique, and they seem to matter to understand my state of mind. I also am representing myself, so please excuse my procedural ignorance and violations in trying to tell my story. They are only my due diligence to prove I didn't show up on the night no longer in question because of the ineffective nature of my trial counsel, who never developed or recognized my legal in 2007 defense's according to what I told Camp about, "trying to buy some weed", and for these reasons today as a matter of law I can prove I didn't show up the 24 of February 2007 pre-meditatively set on murder, without denying I left a man dead at the scene that same morning. (I am charged with showing up with malice aforethought.)

I recognized it, but Camp said, "That's murder one"! He knew 21 O.S. §701.7(B) not me

Now the District Judge in my case abused his discretion and refused to follow the logical consequence of Antoine Colbert's statement, because of hearsay, and refused me the defendant an opportunity to prove he didn't show up the morning of the 24th of February premeditatively set on murder by testifying at the evidentiary hearing requested. The evidentiary hearing was not for Antoine to testify, but my chance to establish facts concerning the night no longer in question because Camp. (Antoine was my support. I don't know what Kristy Johnson said.) For these reasons and as part of my response to the judge's denial which I will address one statement or paragraph at a time, ask the Oklahoma Court of Criminal Appeals to accept my confession which 15 years ago was a response to a promise made by the detectives to protect my family from the Murder One bloods. (1) This was sequentially before I told Camp, "I was trying to buy some weed" or to talk to Antoine. This jaded or tainted no reality of situation that night, I was only tricked by a prosecution-esq public defender into believing as a matter of law I was not allowed to defend myself. in 2007 That I had no defenses because I was seeking nature's prescription for my problems and because it was criminalized in 2007, I had to purchase it from drug dealers like crack. The Newly Discovered evidence is not the reality of what happened, I have known that and Antoine Colbert for 15 years. The Newly Discovered evidence is the matter of law Greg Camp kept me ignorant of, when I told him, "I was trying to buy some weed." I instinctively knew I was protecting myself from his/ the victim's gun in my face after I looked away to grab my cash.

(1) At the end of that same evening in Enid P.D. I also told the E.P.D to talk to Antoine Colbert, and this was

Now I still ask this honorable court for counsel on these issue's I wish to establish as fact at an evidentiary hearing requested, or you can give me a new trial.

last page of O.C.C.A. Brief, so you know I have tried to follow the proper channels to enter your court room. I.D.K How to file notice of intent to appeal the decision, so I just filing a Habeas Corpus (Exhibit I)

(page 8 of OCCA Brief last page)