This was part of my occ. brief

This Your Honor is my response to the District Judges Denial on 17Aug.2022

He does not dispute that he shot the victim.

No-I,the Defendant am only proving I did not show up maliciously with pre-meditative intentions to commit homicide. (Check out the opening of my Garfield County Brief)

The crime occurred during the early morning hours of February 24, 2007. The victim was shot while sitting in a vehicle in a *mini mart parking lot.*

The judge does not address the gun the victim had or the 2 type's of shell casings left at the scene and that another person at the scene admits to firing shots.

Petitioner's newly discovered evidence consists of a sworn statement from Antoine Colbett indicating that in the early morning hours of February 24, 2007, Petitioner told him that he was trying to buy some weed, he looked away to get the cash out of his pocket, and when he looked back there was a gun in his face. He contends he told this to his attorney, Greg Camp, and about his subsequent conversation with Antoine Colbert, but that Mr.Camp failed to investigate his claim.

And led me to believe I was guilty of murder one for defending my self! (All because I was trying to buy some weed.) Resulting in the belief I was guilty as charged because I did respond to the gun in my face with equal force. Camp precluded me from asserting any defense by responding"That's murder 1! I can't tell a jury that."

Therefore I had no knowledge until after 26June2019 when I began my commutation research, finished, the 19 hit, my Dad broke ankle and I began to look at my case from the begining of what happend. (Page3 paragraph2)

Petitioner could have taken the stand to testify to this fact himself. If he had, then Antoine Colbert's statement would have been cumulative.

This seems to be the chain of events I originally thought was defending my self, but when telling Camp,"I was trying to buy some weed" he leads me to believe I am guilty to murder one.

Therefore leading me like a lamb to slaughter with a guilty conscience because I clearly shot a man, and 15 years ago I told them,"I did it!" in response to a gang of gang member's surrounding my car outside the Enid Police Department and det. Skaggs promise to protect my family. and at the end of this night I told EPD to talk to Antoine Colbert.

Because Camp did not have me take the stand to testify, I have enclosed my confession of those events from 23 of Feb. 2007 night to 24 of Feb. 2007 morning.

The reason I left the marijuana purchase in my letter to judge out is because of Camp's response, I was trying to say I responded to his threat without the addmission I was trying to buy illegal weed.

(I apologize I do not know the correct procedure, all I know is I can prove I did not show up pre-meditativly.)

Defendant claims his counsel was deficient because he failed to investigate Antoine Colbert's statement further. This confirms the evidence is not newly discovered, and the complaint against his trial counsel, Greg Camp, could have been raised in either his direct appeal or first application for PCR. In his first application for PCR, he raised four complaints against Mr. Camp, but not his current complaint.

No-your honor that does not "confirm" anything except proof in the chain of events that I really thought infact what I revealed in my confession was actually at this point still murder one and not defending my self because,"I was trying to buy some weed." Marijuana your honor has been a prescription for years! It was only due to O.K. criminalization that I had to buy it like crack from drug dealer's in 2007.

This made me susceptible to the workings of the under world, while I was in college and O.K. Army National Guard gave me money to further my education after my active duty service.

Exhibit 6



Petitioner's Second Application for Post-Conviction Relief is denied because the evidence is not newly discovered, it would have been excluded under the hearsay rule, it would have required the Defendant to take the stand to explain his mental state and why he brought a firearm to a drug buy, the evidence would likely not have changed the outcome, and his complaints against trial counsel could have been raised on direct appeal or included with the complaints raised against his attorney in his first application for post-conviction relief. There being no need for an evidentiary hearing, the Petitioner's request for an evidentiary hearing is denied.

It was only excluded because Camp was ineffective and lead me to believe I was guilty of murder as charged and that I had no defense's and it wouldn't matter if I testified because I can only testify that,"I was buying some weed." I believe the District Judge in my case abused his discretion to deprive me of my right to defend my self that night and if Antoine was willing to notrize a statement then it only follows the Defendant can testify to something of a similar nature only by a logical sequence of events. If you follow, and I know he does and fully expected to testify at such a hearing,however; my confession now should be enough to establish the fact I shot a man who had a gun pointed at me.