Exhibit H [illegible] OCCA Response to Denial of First

An abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue or a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented. *Neloms v. State*, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170.

The D.A. in his response misunderstood my claim, and passed that baton to the District Judge. He without exaimining my Garfield County Brief picked up the D.A.'s baton, and made a judgment against the logic and effects of the facts I presented. Then it would seem occa picked up this same baton without examineing the facts I presented to build my proof.

Post-conviction relief is appropriate when based on the discovery of "material facts, not previously presented and heard, that require vacation of the conviction or sentence in the interest of justice." 22 O.S.2011, § 1080. "These facts must have been undiscoverable for trial or original appeal despite the exercise of due diligence." *Romano v. State*, 1996 OK CR 20, 917 P.2d 12, 15.

These facts were not discoverable before trial or appeal because Camp refused to listen to me and tricked me into believing I was guilty to Murder One 21o.s. 701.7a. If Camp had not refused to listen to me and have me testify the outcome of my case would have been different.

Petitioner was convicted of a First Degree Murder for a fatal shooting.

I was not convicted for a fatal shooting or even charged for a fatal shooting. I was trick into being convicted of a pre-meditated murder. Where I acted with 'malice aforethought' according to the characterisation and not just a fatal shooting.

The difference between a fatal shooting and malice aforthought could be as simple as I respond to this mans gun in my face with equal force, and that fatal shooting is justified.

Exhibit H

Petitioner does not dispute he fatally shot the victim, but asserts he told his Attorney about his conversation with Colbert, and his attorney failed to investigate. Petitioner knew about this statement prior to trial. This is not newly discovered evidence.

I am not charged with fatally shooting the man with a gun in my face, but for a malice aforethought murder.

Petitioner had the knowledge of the facts that night in 2007; however, due to no fault of his own was convinced by his trial counsel he was guilty to murder one as charged and because of this it is a Newly Discovered Fact that I am not!

Reviewable issues in a subsequent post-conviction application are strictly conscribed. 22 O.S.2011, § 1086; *Stevens v. State*, 2018 OK CR 11, ¶ 15, 422 P.3d 741, 746 ("There are even fewer grounds available to a petitioner to assert in a subsequent application for post-conviction relief."). The claims presented in the instant application either were, or could have been, presented on direct appeal or in Petitioner's previous post-conviction application.

The claim presented could not have been presented on his Direct appeal or in Petitioner's previous post conviction application because of the'time ofignorance he had to murder one(b) or (c). Therefore he didn't know what Camp meant except 'he was guilty and would not let him testify.'

Petitioner's claim that his trial counsel failed to investigate is procedurally barred. *See* 22 O.S.2011, § 1086; *Logan v. State*, 2013 OK CR 2, ¶ 3, 293 P.3d 969, 973 ("Issues that were previously raised and ruled upon by this Court are procedurally barred from further review under the doctrine of *res judicata*; and issues that were not raised previously on direct appeal, but which could have been raised,

On Next Page

18

2

Exhibit H

Petitioner's claim that his trial counsel failed to investigate is procedurally barred. *See* 22 O.S.2011, § 1086; *Logan v. State*, 2013 OK CR 2, ¶ 3, 293 P.3d 969, 973 ("Issues that were previously raised and ruled upon by this Court are procedurally barred from further review under the doctrine of *res judicata*; and issues that were not raised previously on direct appeal, but which could have been raised, are waived for further review.").

That my trial counsel failed to investigate is not my claim, but was proof that he told me I was guilty and would not take me to jury trial.

19