Response to D.A.'s Stat Response

This is my rebut to the State's misunderstanding of my claim. 15Aug.22 it was filed and without exaimining the facts of my Brief or a chance to Help Oklahoma understand the District Judge Denied my petition.(IN my O.C.C.A. Brief I responded to the Judge's order.)

On the 15Aug.22 the State through the District Attorney Michael Fields filed a response and without any time to re-but his mis-understanding of my claim on 17Aug.22 the District Judge denied my claim, and because I recieved the State response and Judge's denial the same day I moved forward on appeal without addressing or reading the State's mis-understanding. (The Judge was responsible for dening me without addressing my Actual and Factual Innocence claim.)

This is a new cause of action for reason of a 'time of ignorance to the more than one first-degree murder description's'..YOu can clearly see from the State's Response in paragraph 2 I clearly knew I responded to a weapon and did not act with 'malice aforethought' as early as 28March2008. However; I did not know Oklahoma had more thanone First-Degree Murder therefore due to Camp's response'that he couldn't tell a jury that' and telling me 'That's murder one!' I was under the ignorance of my attorney's statement that I was guilty. This occured in2007 in the jury box as I described in my Garfield County District brief paragraph 2and3 on page 2 and the 5and6 paragraph on page 3.

My apologies are for not making the year of 2007 the most important part of this conversation and believing that it would be obvious from the story that it did occur in the jury box with my new attorney in 2007 before I was tricked into a blind plea or appealed in 2008,09,10 and before I found out in the spring of 2020 Oklahoma had multiple murder one's. (first 5 paragraphs) (6th paragraph)

No I only have one claim! 'Actual and Factual Innocence to murder one 21o.s.701.7(A)' everthing else was me telling the Court my story, so they could understand my 'time of ignorance to 21o.s. 701.7(b)or(c)' That I was ignorant to Oklahoma's more than one first degree murder descriptions in 2007 untill 2020, and I can now cognize the one defense I have always had. I am not guilty of any 'malice aforthought' before I show up to the gas station on the night no longer in question because Camp made me believe I was guilty to Murder One 21o.s. 701.7a. (I even tried to fire him, and change my defense on 15Jan.2008.) All the stuff the D.A. misunderstood was me showing in my story HOW on appeal these ineffective claims were the result of this one event, and I would have never plead guilty were I not tricked into believing my guilt."I already suffered a guilty consciece for perverting my military training to be ready for anything that can go wrong because it will go wrong."

I also wanted the Court know I can come up with more than one trial strategy for Camp as an alternitive to an automatic Life sentence since that was all the judge had to consider with or without parole, and that wasn't very strtegic IF I told him, "I was trying to buy some weed."

The evedentiary hearing was my chance to testify, without this hearing I included my comfession to the OCCA court trying to build a fact. Innaddition I would have asked Camp"How he responed when I told him 'I was trying to buy some weed'?"

I cut and pasted actully; Following the rest State Response } my response to this misunderstanding

70

Exhibit 1.

**The petitioner has presented no "newly discovered" evidence as defined and required by the Oklahoma Post-Conviction Review Act, nor does the petitioner's evidence establish by clear and convincing evidence the required showing of "Actual Innocence"**

Yes this is Newly Discovered Evidence and a New Cause of Action resulting from the "time of ignorance and confusion" caused by Greg Camp to 21o.s. 701.7(B) and (C), which were first degree murder as I was charged with.

The D.A. would not have been able to prove I acted unlawfully to a gun in my faces. or that I showed up with 'malice afore-thought.'

The petitioner's Application for Post-Conviction Relief challenges his conviction based, in part, on trial counsel's failure to investigate a defense and uncover Colbert's statement.

No! My Post-Conviction is based on trial counsel knowing First-Degree Murder 21o.s. 701.7(B) in 2007 and not me. Antoine Colbert's statement is proof in 2007 I had this Defense, but was pre-cluded because Camp told me, "That's murder one!"

I tried to fire him,so I could testify i.e. "change my defense." Camp was sending me to prison as a part of his defense. I was fighting for my career and family!

The Post-Conviction Procedure Act governs post-conviction practice in Oklahoma. 22 O.S. § 1080 *et seq*. Post-conviction relief may be based on the discovery of "material facts, not previously presented and heard, that require vacation of the conviction or sentence in the interests of justice." 22 O.S. § 1080(d). These facts must have been undiscoverable for trial or original appeal despite the exercise of due diligence. *Romano v. State*, 1996 OK CR 20 at ¶ 10, 917 P.2d 12 at 15, citing *Brecheen v. State*, 835 P.2d 117, 121 (Okla. Crim. App.), cert denied 506 U.S. 1085 (1993). The standard for newly discovered evidence claims "requires that the evidence be material, that it could not have been discovered before trial with due diligence, it cannot be cumulative, and it must create reasonable probability of changing the outcome of the trial." *Sheppard v. State*, 1987 OK CR 4, ¶4, 731 P.2d 989, 990.

These facts were not discoveralbe before trial or appeal because Camp refused to listen to me and tricked me into believing I was guilty to Murder one 21o.s. 701.7(A). If Camp had not refused to listen to me and have me testify the outcome of my case would have been differnt.

21

Here, the petitioner's claim regarding newly discovered evidence does not warrant relief.

As a preliminary matter, Colbert's statement and availability as a potential witness would not qualify as newly discovered evidence under Oklahoma's Post-Conviction Procedure Act.

Antoine Colbert's statement is not my Newly Discovered evidence, he is supporting my claim that,"I was trying to buy some weed." and in 2007 I had a defense that Camp refused to listen to me,I tried to fire him and he manipulated me and I felt hopless and fell into his 30 year trap because of some Air force guy. (A week later 22 Jan 2008) But more than all this from the very first converastion I had with him; Camp tricked me into believing I was guilty to Murder One(A) for the reason of my ignorance to Murder One(B) and Oklahoma having 3 different Murder One descriptions.

Specifically, the petitioner undoubtedly knew of the material to which Colbert could have testified and Colbert's availability as a witness prior to plea because Colbert only could testify as to what the petitioner told him, and the petitioner repeatedly had asked trial counsel whether he had spoken with Colbert.

Yes I and Antoine knew the fact's of that night, but I didn't know I had a defense in 2007 according to them. I was tricked into believing 'we' would only be testifing to Murder One(A) as charged.

Finally, Colbert's statement does not show that the petitioner did not commit Murder in the First Degree or otherwise show petitioner's actual innocence.

Antoine Colbert's testimony proves I had a defense to 'malice afoethought' in 2007 and it would be hard to convict me of an unlawful shooting IF I can testify to a gun in my face.

Therefore, because the petitioner knew of this evidence at the time of his plea, appeal, and first Application for Post-Conviction Relief, this claim fails as a matter of law and no evidentiary hearing is necessary or of benefit to the court.

The Evidentiary Hearing is to prove or disprove my claim that Greg CAmp responded and told me, "That's Murder One! I can't tell a jury that." (This can't be resolved by the Record) [redacted]

22

**II. The claims raised in the Second PCR could have been, but were not, raised on appeal and, consequently, they are waived as a matter of law.**

They are not waived because I didn't t(knew) about 21 o.s. 701.7(B) or (C) as a matter of law, and Camp 's response precluded me from asserting a defesnse until I knew what he meant when he said,"That's Murder One[redacted]! I can't tell a jury that." (I don't know how to erase on typewriter)
Until I knew Camp meant Murder One(B) and not (A) when he said "THat's murder one!"

Post-Conviction relief is reserved only for the rare set of circumstances where particular claims could not have been raised on direct appeal. *Brechen v. Reynolds*, 41 F.3d 1343 (Okla. Crim. App. 1994). It is well established that post-conviction relief is limited to those claims which, for whatever legal reason, could not have been raised on direct appeal. *Revilla v. State*, 946 P.2d 282 (Okla. Crim. App. 1997); *Paxton v. State*, 910 P.2d 1059 (Okla. Crim. App. 1996) (noting that post-conviction is not intended to provide a second appeal). A claim that could have been raised on direct appeal, but was not, is waived. *Fowler v. State*, 1995 OK CR 29, ¶ 2; *Fox v. State*, 1994 OK CR 52, ¶2; *Johnson v. State*, 1991 OK CR 124, ¶ 4, *cert denied*, 504 U.S. 926 (1992). By failing to raise issues on direct appeal, a defendant waives the claim and cannot raise it in a post-conviction petition. *Revilla v. State*, 946 P.2d 262 (Okla. Crim. App. 1997).

THis claim couldn't have been raised on Direct Appeal. I didn't know Oklahome has multiple Murder ONe descriptions. Therefore I just told atty. Michael Morehead, "I did shoot the dead man in my case." (I didn't give my Direct Appeals attorney my story, only what I thought at that point according to Camp, "I was guilty.")

**III. There has been no showing of a genuine issue of material fact that cannot be resolved within the complete record, so an evidentiary hearing is not necessary and would not assist this Court in reaching its decision**

Wrong, the material issue that needs to be resolved is a conversation only Greg Camp and I had in 2007 in the jury box. There is no record of this conversation except in Camp's memory and mine.

Petitioners have no constitutional right to evidentiary hearings on claims for post-conviction relief where nothing indicates that the record is incomplete or that issues require proof not contained in records. *See Johnson v. State*, 1991 OK CR 124, ¶10, 823 P.2d 370, 373-74 (Okla. Crim. App. 1995).

The record is incomplete on this issue of Camp and I having this conversation

Exhibit H



Here, Petitioner's claims can be resolved without the need for an evidentiary hearing.
No it cannot, because the information is only in Greg Camp's and my memory bank.

24