FILED
GARFIELD COUNTY, OKLA
AUG 17 2022
JANELLE M. SHARP
COURT CLERK
BY__________
DEPUTY COURT CLERK

IN THE DISTRICT COURT OF GARFIELD COUNTY
STATE OF OKLAHOMA

State of Oklahoma
Plaintiff/Respondent
Vs.

Jeremiah Jamieson
Defendant/Petitioner

CF-2007-227
01 April 2007
22 Jan. 2008 blind Plea trick

## ORDER DENYING DEFENDANT'S SECOND REQUEST FOR POST-CONVICTION RELIEF

On August 17, 2022, this court reviewed the Defendant/Petitioner's Application for Post-Conviction Relief filed August 3, 2022, the State's Response filed August 15, 2022, the Plea of Guilty Summary of Facts, Petitioner's prior applications and motions filed since his conviction, and the prior rulings of this court and the Oklahoma Court of Criminal Appeals in this case. The State's recitation of the procedural history of this case is correct.

On January 22, 2008, the Defendant entered a plea of guilty-blind plea to the charge of Murder in the 1st degree. He previously filed a direct appeal, and this is his second application for Post-Conviction Relief. The Petitioner's current request for Post-Conviction Relief is based on newly discovered evidence. He does not dispute that he shot the victim.

The crime occurred during the early morning hours of February 24, 2007. The victim was shot while sitting in a vehicle in a mini mart parking lot.

Petitioner's newly discovered evidence consists of a sworn statement from Antoine Colbett indicating that in the early morning hours of February 24, 2007, Petitioner told him that he was trying to buy some weed, he looked away to get the cash out of his pocket, and when he looked back there was a gun in his face. He contends he told this to his attorney, Greg Camp, and about his subsequent conversation with Antoine Colbert, but that Mr.Camp failed to investigate his claim. AND led me to believe I was Guilty

He asks the court to read Antoine Colbert's statement and give him an evidentiary hearing on the principal issues of deliberate intent and *mens rea* believing it would likely lead to an acquittal.

In its response, the State correctly points out that Antoine Colbert could only testify about what the Petitioner told him. Since he made the statement, Petitioner would have known about this statement since the early morning hours of February 24, 2007. This is not newly discovered evidence. Instead, it is inadmissible hearsay. Petitioner could have taken the stand to testify to this fact himself. If he had, then Antoine Colbert's statement would have been cumulative.

Defendant claims his counsel was deficient because he failed to investigate Antoine Colbert's statement further. This confirms the evidence is not newly discovered, and the complaint against his trial counsel, Greg Camp, could have been raised in either his direct appeal or first application for PCR. In his first application for PCR, he raised four complaints against Mr. Camp, but not his current complaint.

Petitioner's Second Application for Post-Conviction Relief is denied because the evidence is not newly discovered, it would have been excluded under the hearsay rule, it would have required the Defendant to take the stand to explain his mental state and why he brought a firearm to a drug buy, the evidence would likely not have changed the outcome, and his complaints against trial counsel could have been raised on direct appeal or included with the complaints raised against his attorney in his first application for post-conviction relief. There being no need for an evidentiary hearing, the Petitioner's request for an evidentiary hearing is denied.

Dennis W. Hladik
District Judge

**IN THE COURT OF CRIMINAL APPEALS**
**OF THE STATE OF OKLAHOMA**

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

JAN 27 2023

JOHN D. HADDEN
CLERK

| | | |
|---|---|---|
| **JEREMIAH JAMIESON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. PC-2022-860** |
| | ) | |
| **STATE OF OKLAHOMA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER AFFIRMING DENIAL OF POST-CONVICTION RELIEF**

Petitioner, pro se, appeals the denial of post-conviction relief by the District Court of Garfield County in Case No. CF-2007-227. Petitioner entered a blind plea of guilty to First Degree Murder and was sentenced to life imprisonment.

This Court affirmed Petitioner's Judgment and Sentence on direct appeal. *Jamieson v. State*, C-2008-785 (Okl.Cr. April 15, 2009)(not for publication). Petitioner also previously filed an application for post-conviction relief that was denied by the District Court. That denial was affirmed on appeal to this Court. *See Jamieson v. State*, No, PC-2010-224 (Okl. Cr. June 17, 2010)(not for publication).

The Honorable Dennis W. Hladik, District Judge, denied Petitioner's subsequent post-conviction application in a thorough

order filed on August 17, 2022. We review the District Court's determination for an abuse of discretion. *State ex rel. Smith v. Neuwirth*, 2014 OK CR 16, ¶ 12, 337 P.3d 763, 766. An abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue or a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented. *Neloms v. State*, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170.

Post-conviction relief is appropriate when based on the discovery of "material facts, not previously presented and heard, that require vacation of the conviction or sentence in the interest of justice." 22 O.S.2011, § 1080. "These facts must have been undiscoverable for trial or original appeal despite the exercise of due diligence." *Romano v. State*, 1996 OK CR 20, 917 P.2d 12, 15.

Petitioner was convicted of a First Degree Murder for a fatal shooting. Before the District Court, Petitioner submitted the statement of Antoine Colbert, which Petitioner characterizes as "newly discovered evidence." According to the Colbert, Petitioner told him that he was "set up" "to get robbed." "[Petitioner] was trying to buy a half pound of weed, when he looked away... he looked back up to a gun in his face."

Petitioner does not dispute he fatally shot the victim, but asserts he told his Attorney about his conversation with Colbert, and his attorney failed to investigate. Petitioner knew about this statement prior to trial. This is not newly discovered evidence.

Petitioner's claim that his trial counsel failed to investigate is procedurally barred. *See* 22 O.S.2011, § 1086; *Logan v. State*, 2013 OK CR 2, ¶ 3, 293 P.3d 969, 973 ("Issues that were previously raised and ruled upon by this Court are procedurally barred from further review under the doctrine of *res judicata*; and issues that were not raised previously on direct appeal, but which could have been raised, are waived for further review.").

Reviewable issues in a subsequent post-conviction application are strictly conscribed. 22 O.S.2011, § 1086; *Stevens v. State*, 2018 OK CR 11, ¶ 15, 422 P.3d 741, 746 ("There are even fewer grounds available to a petitioner to assert in a subsequent application for post-conviction relief."). The claims presented in the instant application either were, or could have been, presented on direct appeal or in Petitioner's previous post-conviction application.

Because Petitioner has failed to demonstrate he is entitled to post-conviction relief, the order of the District Court denying his

subsequent application for post-conviction relief is **AFFIRMED**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2023), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

**IT IS SO ORDERED.**

**WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 27th day of January, 2023.

Scott Rowland
**SCOTT ROWLAND, Presiding Judge**

Robert L. Hudson
**ROBERT L. HUDSON, Vice Presiding Judge**

**GARY L. LUMPKIN, Judge**

David B. Lewis
**DAVID B. LEWIS, Judge**

William J. Musseman
**WILLIAM J. MUSSEMAN, Judge**

ATTEST:

John D. Hadden
Clerk

PA