IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMIAH D. JAMIESON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-00211-JD |
| | ) | |
| DAVID LOUTHAN, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Before the Court is United States Magistrate Judge Gary M. Purcell's Supplemental Report and Recommendation ("R. & R.") [Doc. No. 9], recommending that Petitioner Jeremiah D. Jamieson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition" or "Pet.") [Doc. No. 1] be dismissed for lack of jurisdiction as a second or successive petition. R. & R. at 6–7. Judge Purcell advised Mr. Jamieson of his right to object to the R. & R. by April 17, 2023. *Id.* at 7.

Mr. Jamieson timely objected on April 10, 2023 ("Objection" or "Obj."). [Doc. No. 10].[1] In his Objection, Mr. Jamieson seeks help from an attorney and argues that he cannot be procedurally barred due to a "time of ignorance" from 2007 to 2020 in which he explains his trial attorney misled him regarding the kinds of murder charges that exist

---

[1] Mr. Jamieson has also sent three letters to the Court. [Doc. Nos. 11, 12, and 13], which the Court reviewed and considered. In these letters, Mr. Jamieson requests equitable tolling. Judge Purcell did not analyze the Petition for timeliness. Rather, Judge Purcell determined that the Petition is a second or successive petition under 28 U.S.C. § 2244(b) and that the Court lacks jurisdiction to consider the merits of the Petition. The Court agrees with these conclusions and finds that a determination of the timeliness of the Petition is unnecessary.

under Oklahoma law. Obj. at 1–3. Mr. Jamieson claims his attorney caused him to believe he was guilty of pre-meditated murder in the first degree because he was defending himself while purchasing marijuana. *Id.* at 2–3.[2]

Consequently, the Court reviews de novo the objected-to aspects of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Having done so, the Court determines that dismissal for lack of jurisdiction is proper. The Court also declines to issue a certificate of appealability.

I. **Background**

Mr. Jamieson pleaded guilty to first-degree murder and was sentenced to life in prison with the possibility of parole in April 2008. Pet. at 1.[3] Later in April 2008, he filed a motion to withdraw his plea of guilty on the basis that he did not enter the plea knowingly and voluntarily. *See Jamieson v. Jones*, 444 F. App'x 239, 240 (10th Cir. 2011) (unpublished). The state district court denied that motion, and the Oklahoma Court of Criminal Appeals ("OCCA") denied Mr. Jamieson's subsequent petition for writ of certiorari, finding that his plea was "knowing, intelligent, and voluntary." *Id.*

---

[2] Mr. Jamieson does not, however, respond or object to Judge Purcell's conclusion that the Petition is a second or successive petition or that he is asserting the same or similar claims as he did in his previous habeas petition. *See* R. & R. at 4.

[3] In the Petition, Mr. Jamieson alleges that he entered his guilty plea and was sentenced on April 3, 2008. The information on the docket for his case shows he entered a plea of guilty on January 22, 2008, and was sentenced on April 3, 2008. *See* Oklahoma State Courts Network, Case. No. CF-2007-227, District Court of Garfield County, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=garfield&number=cf-2007-227 (last accessed June 9, 2023).

Mr. Jamieson does not object to the R. & R.'s summary of his previous applications and petitions for post-conviction relief. *See* Obj. at 1–3. For sake of clarity, however, the Court recounts Mr. Jamieson's previous post-conviction filings. Following the OCCA's denial of his direct appeal, Mr. Jamieson filed his first application for post-conviction relief with the state district court in January 2010. Pet. at 2–3; *Jamieson*, 444 F. App'x at 240. Ultimately, the district court denied the application and dismissed the claims, and the OCCA affirmed the denial on appeal in June 2010. Pet. at 2–3; *see also Jamieson*, 444 F. App'x at 240 (describing the procedural history in Mr. Jamieson's earlier federal habeas petition).

On November 1, 2010, Mr. Jamieson filed a prior petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus to this Court. *Jamieson v. Jones*, W.D. Okla. Case No. CIV-10-1176-M [Doc. No. 1]. He asserted several claims, including claims arguing his guilty plea was not knowing and voluntary and claims for ineffective assistance of counsel. District Judge Vicki Miles-LaGrange adopted the report and recommendation of Judge Purcell, denying Mr. Jamieson's prior petition. *Jamieson v. Jones*, W.D. Okla. Case No. CIV-10-1176-M [Doc. Nos. 30, 34]. On appeal, the Tenth Circuit denied Mr. Jamieson a certificate of appealability. *Jamieson*, 444 F. App'x at 242.

Mr. Jamieson initiated a second round of motions seeking post-conviction relief on August 3, 2022, when he filed an application for relief in the state district court. Pet. at 5; [Doc. No. 1-3]. Mr. Jamieson argued his counsel failed to investigate a conversation he claimed he had with Antoine Colbert after the murder underlying his conviction. Pet. at 11; [Doc. No. 1-2]. The state district court ultimately denied the application, explaining

3

that Mr. Jamieson could have raised the issue on direct appeal or in his first application for post-conviction relief. [Doc. No. 1-11]. The OCCA affirmed, *id.* at 3–6, and Mr. Jamieson then filed the Petition [Doc. No. 1] in this Court.

In short, Mr. Jamieson previously sought habeas relief, asserting claims attacking the voluntariness of his plea and asserting claims for ineffective assistance of counsel. His current Petition mirrors these past claims. He alleges his trial attorney provided ineffective assistance of counsel by failing to tell him that Oklahoma has multiple types of first-degree murder and thus that he was in "darkness and ignorance," making his plea of guilty unknowing and involuntary. Pet. at 2–11.

The R. & R. recommends dismissing the Petition as an unauthorized successive petition because Mr. Jamieson has previously moved for habeas relief and failed to secure the required authorization by the Tenth Circuit. R. & R. at 5–7.

**II.    Second or successive habeas petitions**

The United States Congress has enacted numerous statutes governing federal habeas proceedings and limiting a federal district court's power to grant relief on habeas to a state prisoner.

For second or successive federal habeas petitions brought by a state prisoner under 28 U.S.C. § 2254, Congress requires:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)–(2).

Further, § 2244(b)(3)(A) requires the petitioner to obtain authorization from the appropriate court of appeals before filing a second or successive habeas petition in district court. The Tenth Circuit has construed this provision to limit the district court's authority to reach the merits of the habeas petition. "A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) (citing *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)).

### III.   Analysis

Upon its de novo review, the Court agrees with the findings and conclusions of the R. & R. that the Petition is a successive petition that must be dismissed without prejudice. Mr. Jamieson challenges his conviction on the same bases as his prior habeas petitions. *See Jamieson*, 444 F. App'x at 240–41 (asserting claims arguing, among other things, lack of a knowing and voluntary plea and denial of effective assistance of counsel).

None of the narrow exceptions applies that would excuse these claims from the otherwise mandatory rule requiring dismissal of a claim in a successive petition. Mr. Jamieson has not alleged (1) a new rule of constitutional law that has retroactive application to him by the Supreme Court and was previously unavailable, or (2) that the factual predicate for his claims could not have been discovered previously through the exercise of due diligence, and that the facts underlying the claim would be sufficient to establish by "clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). Further, even were Mr. Jamieson presenting new claims in this Petition, he failed to secure the authorization of the Tenth Circuit required by statute. *Id.* § 2244(b)(3)(A).

Mr. Jamieson does not set forth anything in his Objection requiring further analysis regarding the application of these provisions. *See id.* § 636(b)(1). The Court has nonetheless reviewed the record and concludes that Mr. Jamieson cannot satisfy these provisions.

Because this is a second or successive petition, the Court lacks the authority to address its merits. *In re Cline*, 531 F.3d at 1251. Consequently, the Court also declines Mr. Jamieson's request for appointment of counsel.

IV.     **Certificate of appealability**

A habeas applicant cannot take an appeal "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1); *see also* Rules Governing Section 2254 Cases Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where, as here, the district court has denied the motion on procedural grounds without reaching the underlying constitutional claim, a [certificate of appealability] should issue if the movant demonstrates 'that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *United States v. Springfield*, 337 F.3d 1175, 1177 (10th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (bracket omitted). It is not appropriate for the Court to "undertake a full consideration of the factual or legal bases adduced in support of the claims," only "an *overview* of the claims in the habeas petition and a general assessment of their merits." *Id*. (citation omitted). If the petition is determined to be unlikely to meet the authorization requirements in § 2244(b) for filing a successive petition, a certificate of appealability should not issue. *See Jackson v. Mullin*, 445 F. App'x 124, 125–26 (10th Cir. 2011) (unpublished).

The Court has determined that Mr. Jamieson's claims do not satisfy the requirements of § 2244(b). The Court concludes that jurists of reason would not debate the conclusions in this Order or the R. & R., which the Court accepts. *See Springfield*, 337 F.3d at 1177. The Court therefore denies a certificate of appealability.

### V. Conclusion

The Court ACCEPTS the Supplemental Report and Recommendation [Doc. No. 9] in its entirety for the reasons stated therein and in this Order. The Court DISMISSES Petitioner Jeremiah D. Jamieson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1] without prejudice. The Court DENIES a certificate of appealability.

IT IS SO ORDERED this 9th day of June 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE